## Commonwealth v. Saunders

*Stroud Weber*, district attorney, for Commonwealth.
*Robert T. Potts*, for defendant.

KNIGHT, P. J., March 6, 1951.—The petition avers that petitioner, as agent for Peerless Casualty Company of Keene, N. H., entered a bail bond for one James Saunders, charged with fornication and bastardy; that James Saunders appeared on November 5, 1945, which was the beginning of the next term of court after entering the bail, and that David Groshens, assistant district attorney, informed the court that the case would be nolle prossed upon the payment of costs as the child had been still born.

James Saunders was allowed to leave court, but apparently the costs were not paid.

The district attorney has filed an answer, in which he neither admits or denies the averments of the petition, but demands proof.

As the truth or falsity of the facts averred in the petition are within the knowledge of the district attorney, or could be easily ascertained by him, we must hold the answer insufficient, and the facts averred in the petition admitted.

The bond was entered by petitioner on October 6, 1945, in the sum of $1,500, and was conditioned that the "above bounden James Saunders shall be and appear at the next succeeding court of Oyer and Terminer and General Jail Delivery and Court of Quarter Sessions of the Peace, after the next meeting of a Grand Jury, to be holden in and for the County of Montgomery at Norristown, and there answer such charges as

may be preferred against him and to abide and not depart said court without leave, then this obligation to be void, otherwise to be and remain in full force and virtue".

Defendant, James Saunders, performed the condition of the bond by appearing in court and not departing without leave.

The bond was not given for the payment of costs, and the liability of the bail could not be enlarged to cover costs without its express consent and this is not alleged.

We have therefore come to the conclusion that the rule must be made absolute. Other courts have taken the same view. (See Keefhaver v. Commonwealth, 2 P. & W. (1830) ; Commonwealth v. Angle, 20 D. & C. 491 (1934), and Commonwealth v. Somers, 14 Pa. C. C. 159).

And now, March 6, 1951, the rule is made absolute, and the clerk of the court of quarter sessions is directed to certify that the liability of the Peerless Casualty Company on bail bond no. 70220, entered in the above case, has ceased.